## THOMPSON v. BATTS.

### (Filed 7 April, 1915.)

**Wills—Devises—"Children"—Interpretation—Grandchildren.**

A devise and bequest of the residue of real and personal property to the "wife and children" of the testator will not include therein his grandchildren, unless the contrary intent is shown by necessary implication from the terms or expressions used in the will; and in interpreting the will under consideration it is held that the testator used the word "children" in its ordinary sense.

(For plaintiff's appeal, see *ante,* 333.)

#### DEFENDANTS' APPEAL.

ALLEN, J. The determination of the plaintiffs' appeal leaves open only one question on the appeal of the defendants, and that is whether the word "children" as used in the fourteenth item of the will of Alfred Thompson includes grandchildren.

This question was very fully considered and the authorities reviewed by *Justice Connor* in *Lee v. Baird,* 132 N. C., 755, in which he says: "Certainly the use of the words 'all of my children' by the testatrix is free from ambiguity, and the uniform current of authority in this and other courts sustains the proposition that they will not be construed to include grandchildren unless from necessity, which occurs when the will would be inoperative unless the sense of the word 'children' were extended beyond its natural import and when the testator has clearly shown by other words that he did not use the term 'children' in the ordinary, actual meaning of the word, but in a more extensive sense; that this construction can only arise from a clear intention or necessary implication, as where there are no children, but are grandchildren, or where the term children is further explained by a limitation over in default of issue."

The only fact appearing upon the record which might lead to a different conclusion is that there is a devise to Elmira Eatman (one of the children of the testator, who was dead at the time of making the will) for life, with remainder to her children; but it appears in the seventeenth item that provision was made for such contingencies, as the testator there says: "In all cases where I have left the estate for life, remainder to children, I mean that those who may die leaving issue before my death shall be represented by such issue and take their share; but should any die without issue, such as survive shall take."

It also appears, as was said in *Mordecai v. Boylan,* 59 N. C., 366, that "The testator clearly shows by his will that he understood the distinction between children and grandchildren," because in the fourteenth item, after providing "that the residue of my estate, both real and personal, shall be equally divided between my wife and children, except George W. Thompson and T. J. Thompson," he also says, "hereby giving to my granddaughter, Lena Thompson, half share of my personal estate."

We are therefore of opinion that grandchildren were not included among the devisees under the designation "children."

Affirmed.